**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

BIYING LIN,

                    **Plaintiff,**

           -against-

GENALO ET AL.

                    **Defendants.**

-------------------------------------------------------------x

1:25-cv-10725 (ALC)

**ORDER TO TRANSFER**

**ANDREW L. CARTER, JR., United States District Judge:**

        On December 29, 2025, the Petitioner Biying Lin filed a petition for writ of habeas corpus under 8 U.S.C. § 2241. ECF No. 1.

        In order to entertain a habeas corpus petition, a court must have jurisdiction over the person seeking such relief. See *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). Jurisdiction to consider a Section 2241 habeas corpus challenge to a person's physical confinement generally lies in the district court for the federal district where that person is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004); see also *Khalil v. Joyce*, 771 F. Supp. 3d 268, 280-86 (S.D.N.Y. 2025) (holding that the court lacked habeas jurisdiction where the petition was transferred from 26 Federal Plaza to a facility in the District of New Jersey and petitioner was in New Jersey at the time of the filing of the petition).

        The Petitioner acknowledges that she has been detained at the South Louisiana Processing Center since August 2025. Given that Petitioner was detained in Louisiana at the time the Petition was filed, this Court lacks jurisdiction over this case. Because this Petition should have been brought in the United States District Court for the Western District of Louisiana, the Court finds that it is in the best interest of justice to transfer this action pursuant to 28 U.S.C. § 1406(a).

      The Clerk of Court is respectfully directed to terminate all pending motions and transfer this case to the United States District Court for the Western District of Louisiana. To ensure that Petitioner's habeas petition is heard in the proper forum without undue delay, this Court finds that the seven-day waiting period in Local Civil Rule 83.1 should be waived, and this case should be promptly transferred.

**SO ORDERED.**

**Dated:**  December 29, 2025

      New York, New York                       **ANDREW L. CARTER, JR.**
                                                              **United States District Judge**